IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RANDALL LAYTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | COMPLAINT & JURY DEMAND |
| | § | |
| PETRI ELECTRIC INCORPORATED, a | § | |
| Texas corporation, | § | Civil Action No. 3:17-cv-00014 |
| | § | |
| Defendant. | § | |
| | § | |

Plaintiff Randall Layton files this Complaint and Jury Demand against Defendant Petri Electric Incorporated for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* ("FLSA") and alleges as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at the rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Plaintiff was a nonexempt electrical project manager for Defendant. Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was not paid for all hours worked in excess of forty (40) hours in a week at a rate of one and one-half times his regular rate of pay. This action seeks to recover the unpaid overtime wages and

other damages owed to Plaintiff.

## II. PARTIES

3. Plaintiff Randall Layton is an individual who resides in Hurst, Tarrant County, Texas. Mr. Layton was employed by Defendant within the meaning of the FLSA during the three-year period preceding the filing of this Complaint. Mr. Layton was paid on an hourly basis and regularly worked more than forty (40) hours in a workweek without receiving overtime pay for the hours worked off the clock.

4. Defendant Petri Electric Incorporated is a Texas Corporation residing in and doing business in the State of Texas. Defendant specifically does business in this District. Defendant is an enterprise engaged in commerce. Defendant employed Plaintiff within the meaning of the FLSA. Defendant may be may be served with process through its registered agent, Robert Scott, 907 N. Bowser Rd., Richardson, Texas 75081.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

6. Venue is proper in this District, pursuant to Title 28 U.S.C. § 1391(b) and (d) and Title 29 U.S.C. § 206 *et. seq.*, because some of the unlawful practices described herein occurred in this District and Defendant resides in Dallas County.

## IV. COVERAGE

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1)(B), and that said enterprise is engaged in the operation of an electrical construction company.

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. Defendant is an electrical contractor.

13. Plaintiff worked for Defendant from July 2008 through September 2016. Plaintiff was an hourly employee and was non-exempt.

14. Plaintiff's title while working for Defendant was Project Manager. Plaintiff's job duties consisted of primarily managing electrical construction projects. Plaintiff's duties called for the creation of budgets, purchase of materials, and subcontractor coordination.

15. Plaintiff routinely worked over forty (40) hours a week performing his duties. Defendant failed to pay Plaintiff overtime wages for all hours worked beyond forty (40) hours in a work week. Plaintiff routinely worked on projects well beyond forty (40) hours per week.

16. Plaintiff's on-site hours would vary from day to day and from project to project.

17. Plaintiff kept record of all hours he worked. Plaintiff was instructed to turn in timesheets only for hours worked up to forty (40) and not to turn in sheets showing any hours worked beyond forty (40) per work week.

3

18. Plaintiff was paid at an hourly rate of $37.00 per hour.

19. On the rare occasion that Plaintiff did not work forty (40) hours or more in a work week, Plaintiff would be compensated for only the hours worked.

20. Defendant had knowledge that Plaintiff was working more than forty (40) hours each work week and never paid for any hours of work performed in excess of forty (40).

21. Upon information and belief, Defendant directed or suffered and permitted Plaintiff to work without being paid appropriate compensation for hours worked.

22. Upon information and belief, Defendant knew that Plaintiff performed work that required payment of overtime.

23. For over eight (8) years, Plaintiff routinely worked more than forty (40) hours per week, but was not paid overtime for these hours.

24. Defendant knowingly, willfully, or with reckless disregard failed to pay overtime compensation with respect to Plaintiff's time worked.

### VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. During the relevant period, Defendant has violated the provisions of the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their work in excess of forty (40) hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

26. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint because Defendant acted willfully.

27. Defendant has not acted in good faith nor with reasonable grounds to believe its actions omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## VII. RELIEF SOUGHT

28. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recover from Defendant the following:

   A. Overtime compensation for all unpaid hours worked in excess of forty (40) hours in any workweek at the rate of one-and-one-half times their regular rates;

   B. All unpaid wages and overtime compensation;

   C. An equal amount as liquidated damages as allowed under the FLSA;

   D. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   E. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

   F. Such other relief as to which Plaintiff may be entitled.

## VIII. DEMAND FOR JURY TRIAL

28. Plaintiff hereby demands a jury trial on all claims so triable in this action.

Dated: January 3, 2017.                    Respectfully Submitted,

**JACKSON ALLEN & WILLIAMS, LLP**

/s/ John H. Allen, III
John H. Allen, III, Esq. - Trial/Lead Counsel
tallen@jacksonallenfirm.com
Jennifer Williams, Esq.
jwilliams@jacksonallenfirm.com
Amber L. Martin, Esq.
amartin@jacksonallenfirm.com
3838 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
(214) 521-2300
(214) 452-5637 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**